```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
BUILDING SERVICE 32BJ PENSION FUND,

          Plaintiff,      **23-CV-7286 (ALC) (KHP)**

     -against-        **OPINION AND ORDER ON**
                    **MOTION TO WITHDRAW**

WHITEHOUSE ESTATES, INC.,
          Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

  On March 13, 2024, counsel for Defendant Whitehouse Estates, Inc. filed a motion to withdraw as counsel and filed a supporting attorney declaration. (ECF Nos. 27, 28.) According to the Declaration, Defendant has not paid any of counsel's invoices since this action was commenced and has accrued an unpaid balance of $14,519. (ECF No. 28 ¶¶ 5-6.) Plaintiff opposes the motion to withdraw and argues that counsel should be required to stay on until discovery is complete. (ECF No. 29.)

  Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4. The decision to grant or deny a motion to withdraw is within the district court's discretion. In making the determination, the Court should consider the reasons for withdrawal, and the impact of withdrawal on the timing of the proceeding. *Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4).

It is well established that a client's refusal or inability to pay its legal bills is a sufficient reason to permit counsel's withdrawal. *See, e.g.*, *Bueno v. Allcity Med., P.C.*, 2023 WL 7001398, at *2 (S.D.N.Y. Oct. 17, 2023) (finding that "[p]laintiffs' failure to pay their bills is sufficient reason to permit withdrawal" of plaintiffs' counsel); *Skyline Steel, LLC v. PilePro, LLC*, 2015 WL 1000145, at *2 (S.D.N.Y. Mar. 5, 2015) ("PilePro's failure to pay its fees or communicate with counsel provides good cause to withdraw."); *White v. Advanced Cardiovascular Diagnostics, PLLC*, 2023 WL 2163777, at *3 (E.D.N.Y. Feb. 22, 2023) (finding it "clearly appropriate" to permit an attorney to withdraw where the client disregards its obligation to pay attorney's fees).

Moreover, this case is still in discovery and Plaintiff has moved to file an amended complaint and add additional defendants. Thus, while withdrawal will impact the timing of this proceeding, this impact will not be so disruptive to warrant denial of the motion. *See Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (explaining that where discovery has not yet closed and the case is not "on the verge of trial readiness," courts are unlikely to find that withdrawal will unduly impact the timing of the proceeding).

**Accordingly, counsel's motion to withdraw is GRANTED**. Because Defendant is without counsel and thus cannot object to Plaintiff's pending motion for leave to amend the Complaint, and because the Court finds that Plaintiff has shown good cause for the amendment, the Court also **GRANTS** Plaintiff's motion to amend at ECF No. 23. Plaintiff shall file the amended complaint by **Monday, March 25, 2024**. Additionally, Plaintiff is reminded that it shall file a status letter advising the Court when the newly added defendants have been served, and stating whether the parties request a settlement conference.

In light of the fact that Plaintiff will file an amended complaint and add new defendants, the Court does not find it necessary to enter a formal stay in this action at this time. All newly added defendants shall have the standard 21 days to respond to the Amended Complaint after being served with the Amended Complaint. As for Defendant Whitehouse Estates, Inc., the Court will grant that Defendant **30 days** from today's date to locate new counsel and an additional **21 days** to respond to Plaintiff's amended complaint. *See Blue Angel Films*, 2011 WL 672245, at *3 (granting 30 days for corporation to find new counsel); *Century Jets Aviation, LLC v. Alchemist Jet Air, LLC*, 2009 WL 4035642, at *3 (S.D.N.Y. Nov. 23, 2009) (same).

**The Clerk of the Court is respectfully directed to terminate the motions at ECF No. 23 and ECF No. 27 as having been granted by this Order.**

**The Clerk of the Court is further directed to terminate <u>Arthur J. Robb</u>, <u>Ian-Paul Apostole Poulos</u>, and <u>Melissa Annabella Romain</u>, all of the law firm <u>Clifton Budd & DeMaria, LLP</u>, as counsel of record for Defendant on the docket.**

**The Clerk of the Court is also respectfully directed to mail a copy of this Order to <u>Arthur J. Robb at Clifton Budd & DeMaria, LLP, The Empire State Building, 350 Fifth Avenue, Suite 6110, New York, NY 10118</u>. Mr. Robb shall immediately mail a copy of this Order to Whitehouse Estates, Inc.**

        **SO ORDERED.**

DATED:    New York, New York
              March 18, 2024

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge