USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __5/20/2024__

RAAB, STURM & GANCHROW
COUNSELORS AT LAW
2125 CENTER AVENUE, SUITE 100
FORT LEE, NEW JERSEY 07024
Tel: (201)292-0150
FAX: (201)292-0152

RONALD RAAB*　　　　　　　　　　　　　　　　　　　　　　　　　　　　MAURA E. BREEN**
IRA A. STURM***　　　　　　　　　　　　　　　　　　　　　　　　　　　SAMUEL R. BLOOM****
ARI D. GANCHROW*

————

* ADMITTED IN NY AND NJ
** ADMITTED IN NY AND CT
*** ADMITTED IN NY AND FLA
****ADMITTED IN NY, NJ AND MD

May 17, 2024

By: ECF
The Honorable Magistrate Judge Katharine H. Parker
United States Magistrate Judge
District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 750
New York, New York 10007

Re:　　Building Service 32BJ Pension Fund
　　　　　　　　　　v.
　　　　Whitehouse Estates Inc.
　　　　23-CV-7286 (ALC)(KHP)

Dear Magistrate Judge Parker,

　　　　The undersigned is counsel to the plaintiff, Building Service 32BJ Pension ("Fund"). The following status letter is respectfully submitted in accordance with the Court's directive of March 18, 2024. (Docket Entry #32). This letter will also be filed pursuant to Section III.A of Your Honor's Individual Rules of Practice, for the purpose of requesting a pre-motion conference in connection with the Fund's desire to file a second amended complaint.

　　　　As to the status, the Fund added two additional defendants in the Amended Complaint. They are: KOEPPEL & KOEPPEL REALTY MANAGEMENT, INC. ("K & K") and WWK 140 BAY RIDGE LLC ("WWK LLC"). The Fund served WWK LLC on March 21, 2024. An affidavit of service was docketed. No answer has been filed.

The Fund has had difficulty serving K & K.  The entity is a limited liability company registered in Florida.  According to the Fund's process server, the address identified on the Florida State corporate filings as the address for service of process is a marina.  The Fund has learned that William W. Koeppel ("Mr. Koeppel") is the sole member of both of the newly added defendants.  The Fund believes that Mr. Koeppel docks his boat or boats at this marina.

According to a court filing in New York State Supreme Court, in the Fall of 2021, Mr. Koppel transferred the property owned by WWK LLP to himself, and then immediately flipped the property to another entity.  As such, it now appears that there are no longer any assets in WWK LLC.

At this point, the Fund wishes to further amend the complaint to add Mr. Koeppel as a defendant.  The Fund has two theories for Mr. Koeppel's individual liability.  The first being, that under New York State law, partners, limited partners and/or shareholders can be held personally liable for partnership debts or corporate debts, in the event the companies are unable to meet their respective obligations. The Fund believes that the transfer of title to the property without consideration, would constitute a "distribution" under New York Limited Liability Company Law Section 508.  This provision would make the individual member, Mr. Koeppel, liable for debts received that should have been paid prior to the distribution.

Secondly, the Fund wishes to proceed against Mr. Koeppel individually, based upon a piercing of the corporate veil theory. Factors considered by the court "in determining whether to pierce the corporate veil include failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use." *Millennium Const., LLC v Loupolover*, 44 AD3d 1016, 845 N.Y.S.2d 110 (2d Dept 2007). At hand, it is believed that Mr. Koeppel, as sole member of WWK LLC, apparently transferred the property to himself, without consideration, for his own personal use, to wit, so as to sell the property and retain the assets.  Fraudulently not disclosing this transfer of assets, as well as not disclosing the identities of other commonly controlled entities transfer deprived the Fund of an ability to seek payment from WWK LLC under the "common control" theory of ERISA liability.  A copy of the proposed Second Amended Complaint is submitted herewith as Exhibit "A."

As no Defendants have appeared and the defendants who have been served are now in default, the Fund requests that the Court waive the holding of a pre-motion conference and either treat this application as the motion to amend and thereby grant the Fund leave to file the Second Amended Complaint or in the alternative,  that the Court permit the Fund to make a formal motion for leave to file the Second Amended Complaint.

        Respectfully submitted,

        Ira A. Sturm

cc:    Whitehouse Estates Inc. (By: First Class Mail)
       c/o Duell Management Co.

5 East 57th Street
New York, New York 1002
Attention: William Koeppel

Koeppel & Koeppel Management, Inc. (By: First Class Mail)
400 Flagler Drive, Suite A
West Palm Beach, Florida, 33401
Koeppel & Koeppel

WWK 140 Bay Ridge LLC
51 East 57th Street, 10th Floor
New York, New York 10022.

The Court finds that no conference is necessary and Plaintiff's request to file a second amended complaint is GRANTED. Plaintiff shall file the amended complaint by Friday, May 31, 2024. Additionally, Plaintiff is reminded that it shall file a status letter advising the Court when the newly added defendant has been served. The newly added defendant shall have the standard 21 days to respond to the Second Amended Complaint after being served. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 43 as having been granted by this Order.

SO ORDERED:

*Katharine H. Parker*   5/20/2024

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE